353 A.2d 812

ESTATE of Traverse HENRY, a/k/a
Traverse A. Henry and Traverse
A. P. Henry, Deceased.

**Appeal of ESTATE of Traverse A. HENRY et al.**

Supreme Court of Pennsylvania.
Argued Jan. 12, 1976.
Decided March 17, 1976.

James J. Oliver, Philadelphia, for appellant.

Steven R. Sosnov, Norristown, for appellees, Mary M. Henry, Edward Henry, Rishell Henry and Stella Henry.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

Traverse Henry died intestate on November 20, 1971. On this appeal [1] from a decree of the Orphans' Court of

---

1. Pursuant to Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(3), 17 P.S. 211.202(3).

Montgomery County we are presented with the following issue: was it proper for the court below to dispose of the issue of who was the decedent's lawful wife at the time of his death by granting appellees' motion for summary judgment.

The decedent was married to Ella Mae Vontress on June 28, 1930. On August 31, 1930, appellee, Edward Henry, was born to appellee, Mary Mathis and one "Francis Henry," whom the appellees claim is the deceased. On April 18, 1931, Traverse Henry married Mary Mathis. There is no evidence to indicate an intervening divorce between the deceased and his first wife. The record is clear, however, that Ella Mae Vontress did not die until September 23, 1968. On March 20, 1933 a son, Robert Henry, was born to the deceased and Mary Mathis. Robert Henry died on June 11, 1973, survived by two daughters, Stella Henry and Rishell Henry, also appellees in this action. The appellants, Florence Henry Brown, Virginia H. Greenwood and Charles Henry, are the sisters and brother of the deceased.

The issue as presented to the court below was whether the deceased's marriage to Mary Mathis was valid so as to afford the appellees rights under the intestate laws. The appellants opposed such a finding, contending that the deceased's first marriage rendered his subsequent marriage void.

The appellees, pursuant to Rule 1035(d) of the Pennsylvania Rules of Civil Procedure,[2] filed a motion for summary judgment. After examining documents presented by both parties and hearing argument on the motion, the court below granted the appellees' motion for

2. Pennsylvania Rules of Civil Procedure 1035(d) provides:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

summary judgment. It is apparent from the opinion of the court below that there are material issues of fact which can be settled only at trial and that an erroneous legal standard was applied. Accordingly, we believe that the motion for summary judgment was improvidently granted in this case.

On the pleadings as presented, conflicting presumptions are raised. In *Watt's Estate*, 409 Pa. 44, 185 A.2d 781 (1962), we recognized that "when a valid marriage is proven, the law presumes that it continues until the death of one of the parties . . ., or a divorce is shown." We also recognize "the presumption of innocence in contracting a second marriage as well as the presumption of the validity of the second marriage . . . ." 409 Pa. at 52–3, 185 A.2d at 785.

The problem in the instant case, as in *Watt's Estate*, is what weight is to be given to each presumption. As we said in *Watt's Estate*, "*[t]he second presumption does not of itself destroy the first but requires some proof of facts and circumstances to be given the effect of overcoming the first* . . . ." 409 Pa. at 53, 185 A.2d at 786. As further delineated by Mr. Justice Cohen in *D'Ippolito Estate*, 420 Pa. 541, 218 A.2d 224 (1966) :

"In order to determine the conflict in each case, this Court has said that the presumption of the continuance of the prior marriage prevails unless facts are shown which have the effect of overcoming this presumption; and the burden remains upon the party supporting the validity of the subsequent marriage to produce such facts as will shift the burden of proof back to the party supporting the validity of the prior marriage." 420 Pa. at 543, 218 A.2d at 225.

In *Watt's Estate, supra*, we held that the presumption of a continuation of the first marriage is overcome where evidence is presented that the original marriage was terminated due to the death or divorce of a

spouse. Evidence of a long absence has also been held to overcome the effect of the presumption. *Madison v. Lewis*, 151 Pa.Super. 138, 30 A.2d 357 (1943). We also held in *Watt's Estate, supra,* that "where children have been born of the second marriage the presumption of legitimacy considerably strengthens the presumption of the validity of the second marriage." 409 Pa. at 52, n. 6, 185 A.2d at 785, n. 6. However, as was held in *Johnson v. J. H. Terry & Co.,* 182 Pa.Super. 258, 126 A.2d 793 (1956) *aff'd per curiam,* 389 Pa. 586, 133 A.2d 234 (1957), something more than a legal presumption was required to establish the fact that the deceased had been freed from his marital contract with Ella Mae Vontress so that he could contract a new marriage with the appellee, Mary Mathis.

In this case no evidence of a divorce between the deceased and his first wife was offered, nor could it be established that the deceased's first wife died prior to the deceased's second marriage. The court below in its opinion relied upon the presumption of the legitimacy of the children to establish the validity of the second marriage.[3] In addition, the court below relied upon a letter dated August 16, 1972, by Herbert Nelson, Esquire, which reads in part as follows:

> "The record discloses that on June 28, 1930, Traverse Henry married one Ella Mae Vontress. The parties never lived together and shortly after the marriage, she moved to New York, where she died, September 23, 1968."

 However, a portion of the same letter supports the appellants' position.

---

3. The court below also relied upon the following:
 "The general rule, therefore, is that a second marriage ordinarily will be presumed valid, notwithstanding evidence that one of the parties to it had previously contracted a marriage with another or had lived with another under circumstances showing cohabitation and reputation ordinarily sufficient to raise a presumption of marriage."

"The record also discloses that on April 18, 1931, Traverse Henry married Mary Mathis, who was then 19 years of age . . . . The parties never lived together as husband and wife. Mary Mathis lived with her parents in Philadelphia, Pennsylvania, for sometime, and then finally moved to San Francisco, California." [4]

As indicated in *Johnson v. Terry & Co., supra,* where no facts are presented to overcome the effect of the first marriage not even the inclination to legitimize children can validate a marriage which is void ab initio. 182 Pa. Super. at 265, 126 A.2d at 797 *aff'd per curiam,* 389 Pa. 586, 133 A.2d 234.

It is clear that the evidence presented, when viewed in light of *Watt's Estate* and *D'Ippolito Estate,* left issues of material fact which can be settled only at trial. Therefore, the lower court's granting of the appellees' motion for summary judgment was erroneous.[5]

Reversed and remanded. Each party to bear own costs.

4. In a subsequent sworn affidavit dated February 28, 1975, Herbert Nelson, Esquire, indicates that the facts contained in his letter dated August 16, 1972, which the appellees relied upon, were erroneous. Mr. Nelson's affidavit states the following:
"1. That a letter date August 16, 1972, which purportedly states that Traverse Henry married one Ella Mae Vontross [sic], and that the parties never lived together after the marriage was, [sic] an error and was incorrect.
2. The letter was supposed to have referred to Mary Mathis, who married Traverse Henry, while he was the husband of Ella Mae Vontross [sic].
3. On the basis of personal knowledge, research and investigation, Traverse Henry and his wife, Ella Mae Vontross [sic], lived at 44 Prospect Avenue, Bryn Mawr, Pennsylvania, immediately after their marriage with his mother, father and sister, Florence Henry Brown."

5. While other issues concerning the illegitimacy of Edward Henry and Robert Henry were presented for our consideration, due to our disposition of this matter it would be improper to deal with these issues at this time. The appellants also contend in their brief that the appellees' claim is barred by the equitable doctrine of laches. The instant matter arises out of the appellees' Objections to the First and Final Account and their Application to

524

ROBERTS, J., filed a concurring opinion in which MANDERINO, J., joined.

POMEROY and NIX, JJ., concur in the result.

ROBERTS, Justice (concurring).

The only issue presented on this appeal is whether summary judgment was properly granted. There appearing to be controverted issues of fact, I would vacate the decree and remand for disposition on the merits.

MANDERINO, J., joins in this concurring opinion.

Compel Distribution. No answer was ever filed by the appellants. Nor was the doctrine of laches raised by the appellants in their answer to the appellees' motion for summary judgment. Accordingly, since this issue was not pursued or argued before the court below we are precluded from addressing it. *Dilliplaine v. Lehigh Valley Trust* Co., 457 Pa. 255, 322 A.2d 114 (1974).